1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

JOHN ROBERT DEMOS JR,

7
                          Plaintiff,

8
        v.

9
JOSEPH A BRUSIC,

                          Defendants.

10

Case No. C22-954 RAJ-TLF

REPORT AND
RECOMMENDATION

Noted for: September 30, 2022

11     This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to

12  28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Robert Demos, a

13  state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a

14  proposed complaint. Dkt. 1-1. For the reasons discussed below, the Court should deny

15  plaintiff's IFP application and should dismiss plaintiff's complaint with prejudice.

16                                DISCUSSION

17     Plaintiff is under pre-filing bar orders in a number of courts, including this Court,

18  the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court

19  of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S.

20  290, 291 (1993). An Order of this Court provides for the return without filing of any

21  petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254,

22  unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D.

23  Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and

24

25

REPORT AND RECOMMENDATION - 1

proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, Demos v. Wash. Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP; he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed, that the imminent danger is ongoing, and there is a nexus (fairly traceable, and redressable) between the imminent danger and at least one substantive claim in the complaint. *Ray v. Lara,* 31 F.4th 692, 699-700 (9th Cir. 2022).

The imminent danger exception requires that a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056. (9th Cir. 2007). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat to him is real and proximate. *Cervantes*, 493 F.3d at 1056 (*citing Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

1    In this case, Plaintiff alleges in his proposed complaint that he is in imminent

2    danger because he lives in "constant fear" of being harmed or killed by prison guards or

3    other inmates. Dkt. 1-1 at 7. However, there is no nexus between Plaintiff's alleged

4    imminent danger and his substantive claims against Mr. Brusic. Plaintiff's complaint

5    alleges Joseph Brusic- a Yakima County Prosecutor- violated Plaintiff's constitutional

6    rights when he incorrectly charged Plaintiff, recommended that Plaintiff be given an

7    "inhumane, excessive and disproportionate criminal sentence" and acted as an

8    "accomplice to Plaintiff being sentenced to slavery, peonage and cruelty." *Id.* at 6. He

9    also alleges that Mr. Brusic stole Plaintiff's money, committed fraud, and placed a

10    foreclosure on his property. *Id.* at 4. Plaintiff has not demonstrated how these

11    substantive claims are related, in any way, to his allegation that he is in imminent

12    danger. Further, Plaintiff has not made a specific or credible allegation showing that the

13    threat to him is real. He broadly alleges that prison guards and other inmates may harm

14    him, but he does specify which prison guards or inmates are an immediate threat to him

15    or what events have led him to believe he is in imminent danger.

16    Plaintiff's claim against Mr. Brusic – the only named defendant- is also barred by

17    prosecutorial immunity. Prosecutorial immunity protects a prosecutor who "acts within

18    his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope,* 793 F.2d 1072,

19    1076 (9th Cir. 1986) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)); *see also,*

20    *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) ("If

21    the prosecutor acts as an advocate in initiating a prosecution and in presenting the

22    state's case, absolute immunity is warranted") (internal quotation omitted). The

23    prosecutor's purported conduct, in this case, were within his authority as the

24

25

1   prosecuting attorney, at least with respect to his conduct during Plaintiff's trial; thus, he

2   would be entitled to immunity.

3       Even if the Plaintiff's second claim against Mr. Brusic – i.e., that he committed

4   fraud, stole Plaintiff's money and foreclosed Plaintiff's property – was not "within his

5   authority" as a prosecutor, Plaintiff's claim should be subject to dismissal because the

6   claim does not meet the standards of *Ashcroft v. Iqbal,* 556 U.S. 662, 678-681 (2009)

7   and Fed. R. Civ. P. 8(a). Both claims, for that matter, are bare assertions; the

8   allegations are conclusory, speculative and unsupported by assertions of plausible

9   facts.

10      Finally, while Plaintiff does not appear to be challenging the validity of his state

11  court conviction, to the extent that he is, he is barred from doing so at this time. His

12  petition would be construed as a petition for writ of habeas corpus under 28 U.S.C. §

13  2254. Mr. Demos may not proceed with a second or successive habeas petition here

14  unless and until the Ninth Circuit authorizes its filing, which it has not done. *See* 28

15  U.S.C. § 2244(b)(3)(A).

16      Therefore, plaintiff's complaint should be dismissed for failure to state a claim.

17  Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it

18  "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an

19  opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d

20  1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*,

21  104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d

22  635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to

23  amend need not be granted "where the amendment would be futile or where the

24

25

1  amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829,

2  843 (9th Cir. 1991). A complaint is frivolous when it has no arguable basis in law or fact.

3  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

4        In this situation, it appears that amendment would be futile. Plaintiff requests that

5  the Court put a lien on the prosecuting attorney's property as a consequence of what

6  occurred during Plaintiff's trial. This is a nonsensical pleading that would meet the

7  definition of frivolous -- no arguable basis in law or fact – and would be subject to

8  dismissal even if the Court granted leave to amend. Under *Saul v. United States*, 928

9  F.2d 829, 843 (9th Cir. 1991), the Court should decline to grant leave to amend.

10        Amendment would be futile and the Court should dismiss with prejudice because

11  there is "no possibility of stating a cause of action". *Shermoen v. U.S.,* 982 F.2d 1312,

12  1319 (9th Cir. 1992).

13  CONCLUSION

14        Based on the foregoing discussion, the Court should deny plaintiff's IFP

15  application and dismiss plaintiff's complaint.

16        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

17  have fourteen (14) days from service of this report to file written objections. *See also*

18  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

19  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

20  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

21  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

22  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

23

24

25

directed to set the matter for consideration on September 30, 2022, as noted in the caption.

Dated this 14th day of September, 2022.

Theresa L. Fricke
United States Magistrate Judge